PER CURIAM.
I,Granted. The ruling of the trial court which granted defendant’s motion to suppress is reversed and this case is remanded for further proceedings.
Although “citizen informant reports based on firsthand knowledge carry a high indicia of credibility,” State v. Brown, 09-2456, p. 7 (La.5/11/10), 35 So.3d 1069, 1073, the tip in the present case merely offered the citizen’s opinion that the three men the officers observed sitting in a park resembled men he had seen depicted in a Crime Stoppers bulletin. The tip did not purport to convey firsthand knowledge and thus did not alone provide reasonable suspicion for an investigatory stop.
However, “[i]n determining whether the police possessed the requisite ‘minimal level of objective justification’ for an investigatory stop based on reasonable suspicion of criminal activity ... reviewing courts ‘must look at the totality of the circumstances of each case,’ a process which ‘allows officers to draw fion their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.’ ” State v. Johnson, 01-2081, p. 2 *235 (La.4/26/02), 815 So.2d 809, 811 (quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002))(internal quotation marks and citation omitted). The officers were on patrol in a high crime area noted for its drug activity and they first initiated a field interview with the three men “so at least we could say we are investigating [the tip].” The officers asked, not ordered, the men to approach their patrol unit. The men were compliant with the request and began approaching the officers under circumstances in which a reasonable person would not have concluded that some sort of official detention was imminent. State v. Tucker, 626 So.2d 707, 712 (La.1993)(an “imminent actual stop” occurs “when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain.... ”).
The consensual nature of the encounter then changed as one of the men reached into his pocket and then refused at least two requests to show his hand as he approached the officers, precipitating an assertion of official authority when a police officer grabbed the individual by the wrist, put him up against the police cruiser, and frisked him. Given the initial citizen tip and the high-crime character of the area, the individual’s furtive gesture in going into his pants pocket and his resistance to removing it provided the police with the requisite minimal objective justification for seizing and detaining him.
As part of a reasonable pat-down frisk for officer safety, the plain feel of a soft packet in the individual’s pocket, “consistent with the packaging of ^marijuana,” gave rise to probable cause to arrest him. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). At that point, the officers made a reasonable decision to detain all three individuals and thereby take unquestioned command over a fluid and uncertain situation. Brendlin v. California, 551 U.S. 249, 127 S.Ct. 2400, 2407, 168 L.Ed.2d 132 (2007)(“[A] sensible person would not expect a police officer to allow people to come and go freely from the physical focal point of an investigation into faulty behavior or wrongdoing .... ‘the risk of harm to both the police and [the persons they detain] is minimized if the officers' routinely exercise unquestioned command of the situation.’ ”)(quoting Michigan v. Summers, 452 U.S. 692, 702-703, 101 S.Ct. 2587, 2594, 69 L.Ed.2d 340 (1981)); State v. Porche, 06-0312, p. 5 (La.11/29/06), 943 So.2d 335, 338 (trial court erred in granting motion to suppress because it failed to accord due deference to the need of the police to “ ‘exercise unquestioned command of the situation’ while they determined the nature and scope of the criminal activity they had uneov-ered.”)(quoting Summers). Given the unresolved question of the tip involving homicide suspects, the officers’ use of handcuffs to detain the men as they questioned them briefly did not transform the stop into a de facto arrest. Cf. State v. Adams, 01-3231, pp. 4-5 (La.1/14/03), 836 So.2d 9, 12. Defendant’s subsequent admission after receiving his Miranda warnings that he had “a little weed” on him then gave the police probable cause to arrest him and to retrieve lawfully the marijuana from his pocket.